Cause Number
89-03-00286-CR(2)

21,128-02

Clerks
Letter

In The 221st
Judicial District
Court of Montgomery
County, Texas

In RE: Donald Wayne Goodnight

Writ of Mandamus Pursuant to §110.7
Section 3(c) (Exhibit) "A" (Sent + CCA)

To be filed with Clerk, Barbara Gladden Adamick
of 221st Judicial District Court of Montgomery County
Texas and Clerk, ABEL ACOSTA, Court of Criminals Appeals
P.O. Box 12308, Capitol Station, Austin Texas, -78711-

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

Signed This ___2nd___ day of March 2015
By Pro-See Donald Goodnight #531865

Michael Unit, P.O. Box 2664 FM 2054
Tenn, Colony Tx 75886

# In the Court of Criminal Appeals
## of Texas, Austin Texas - Division

Donald Wayne Goodnight
#531865 Relater

V.S.

Clerk, Barbara Gladden Adamick
Montgomery, County Texas

In the 221st
Judicial District
of Montgomery
County, Texas

Relater's Origional Application for Writ of Mandamus
Pursuant to §11.07 Sec. 3(C)

To The Honorable Judge of Said Court:
Now Comes, Donald Wayne Goodnight, Relater, Prose in the above Styled and Numberd cause of action and files This Origional Application for Writ of Mandamus, Pursuant to Article 11.07 Section 3(C) of the Texas Code of Criminal Procedure, And Would Show the court the following:

P1

Relater 1.01:

Donald Wayne Goodnight TDC #531865 is incarcerated in the, Michael Unit, Anderson County TDCJ-ID Prison, PO Box 4500, Tennessee County, Texas.

1.02. Relater has exhausted His remedies and has No other Adequate Remedy of Law.

1.03. The Act Sought to be ~~Compelled~~ Compelled is Ministeral Not Discretionary. T.C.C.P ART, 11.07 SEC. 3 (C) And T.C.C.P. 221, Requires Respondent to Immediately Transmit to the Court of Criminal Appeals A copy of the Application for Writ of habeas Corpus, the Senate Bill-Number(s) 1611, 825, Model rule 3.8 Memorandum in Support Within this Application, All Exhibits, Memorandandum of Law in support of his § 11.07 Application, Any § 2250 Title 28 USC Production of Documents request Motions, Any Answers filed by the court, A certificate Reciting the date upon Which that finding was made, if the Convicting Court decides that there are no issues to be resolved.

Relater has "not" recieved any responses by the court of Criminal Appeals, Clerk, Abel Acosta, Any (CCA) Justices, Nor Clerk, Barbara Gladden Adamick Since (Oct. 29th 2014); November 12th 2014 By the Court of Criminal Appeals response by Abel Acosta Stating (CCA) has done A through Search of there records and finds "No Writ" of Habeas Corpus filed in the CCA At This time,

P2

Nov. 12th 2014 Barbara Gladden Adamick's response Oct 30th 2014 And Oct 28th 2014 Briefly States "Our Office received and filed Your letters and motions" "Our office will Notify you when the Order is signed. by, Deputy Clerk-Linda Haywood see Exhibits "A" by, District Clerk of Montgomery County, Texas and court of Criminal Appeals clerk, Abel Acosta:

<Respondent 2.01>

Respondent, Barbara Gladden Adamick in her capacity as district clerk or Any other clerk, of Montgomery County, Deputy clerk, Linda Haywood, has a Ministerial duty to recieve and file all papers in a criminal Proceeding, And Peform all other duties imposed on the Clerk by law Pursuant to T.C.C.P. Art 2.21 And S11.07 Sec. 3(c) T.C.C.P. To immediately Transmit to the court of Criminal Appeals A copy of the application for Writ of Habeas Corpus, Memorandum of Law, All Exhibits, Any Answers filed By the Courts Thats findings Was made if the "Convicting Court" Decids that There Are No issues to be resolved.

<Exhibit "A">      <Barbara Gladden Adamick>

Documents dated (Oct 28th 2014 And Oct 30th 2014 Are both Showing District Attorneys Lydia Clay Jackson 504 West Lewis St. Conroe Texas 77301 As A States Attorneys Knowledge, Relater Sent His S11.07 Habeas Corpus. Memorandum of Law to the convicting Courts yet No Other responses have been sent by convicting court, Court Clerks Office Nor Court of Criminal Appeals of Texas, Abel Acosta.

Violation of Article 11.07 of the Texas Code of Criminal Procedure.

3.01 THe RespondEnt Violates Art. 11.07 Section 3(C) of the Texas code of criminal Procedure by failing to Provide A copy of the Application for Writ of Habeas Corpus, Memorandium of Law in Support, Any And All Exhibits or Letters, Any Answers filed, "A certificate Reciting the date upon which that finding WAS made to the court of Criminal Appeals", Within the time Prescribed by Law within A reasonable time from the date on which the documents were requested to be transmitted.

Donald WAyne Goodnight made Allegations within his §11.07& Memorandum of, Law EnforcEMEnt And Prosecutor And Attorney Abuse And Shows, TExAS GovErnor Rick PErry Signed in, May 2013 SenAte bills 1611. 825 into Effect Due to Prosecuters Abusing their Positions. 1611 - The Michael Mortin Act #825 - prosecutor Accountability Act Enforcing, model Rule 3.8 into Effect Due to Pretrial disclosure of Evidence Accompanied by A Proposed Order mandating Such disclosure. Brady v. Maryland - 373 U.S 83 (1963), Requires Prosecutors to Acknowledge model rule 3.8 Special Responsibilities of Prosecutor And S.B. 825 prosecutor Accountability Act.

3.02 REquest for the transmittal of the Applications for Writ of Habeas Corpus, Memorandum of Law in Support, Any And all Exhibits, Letters, Any Answers filed And A certificate Reciting thedate upon which that finding WAS made.

3.03 To date, relater has not recieved Any response from — Barbara Gladden Adamick; Deputy Clerk, Linda Haywood, District Attorney, Lydia Clay Jackson, 504 West Lewis St. ConroE, TEXAS -77301- Nor court of Criminal Appeals Clerk, Abel Acosta.

3.04

As Exhibit "A" Clearly Shows the Court of criminal Appeals - Clerk, Abel Acosta, Relater repeatedly Put respondent on notice by letters, And only recieved Exhibits "A" By respondents And this is "Last Year" 2014 Dates. It is Now Feb 24th 2015 As of this motion (Feb) 24th 2015 And still No responses by Above People Listed!

Realater has gone way beyond Any requirements or Obligations imposed upon him by the Texas code of criminal procedure.

In contrast to relaters Efforts, Respondent has wholly failed to comply with the Texas code of Criminal Procedure (Art. 1107) Sec. 3 (c) and is Acting in Bad faith, And has Also failed to Afford - realaters the Professional and common courtesy of Any written to his correspondence And request past Exhibits "A" dates of - Oct 28,th 2014, Oct. 30th 2014 And (CCA Nov 12th 2014).

3.05 Article 11.07 Section 3(c) Clearly states that, if the Convicting Court, (Not A prosecution office), desides that there are no such Issues," The Clerk, shall Immediately Transmit, to the Court of Criminal Appeals A copy of the Application, Memorandum of Law.

All Exhibits, Letters, Any Answers filed And A certificate reciting the dates upon which that finding was made. failure of the Court to Act within the Allowed [20] days shall Constitute Such A finding. Texas Code of Criminal Procedure (Article 11.07) Section (3 (c). Respondent is in Violation of this procedure Ministerial duties And thus the Laws of this State.

## Prayer for Relief

Wherefore, Premises considered, relater, Donald Wayne Goodnight #531865 Prose, respectfully requests A finding that the respondent "Did not Transmit" Documents, 11.07 Habeas Corpus, Memorandum of Law, All Exhibits, Letters and Title 28 USC § 2250 Production of documents Motions to the Court of Criminal Appeals within A reasonable time frame After the date they were requested and that relater brought this litigation in good faith and has substantially Prevailed. Relater "Prays" for And "order", And "Order" "Directing" "respondent" to transmit copies of the above listed documents And Any Answers filed, and A certificate reciting the date upon which that finding was made to the court of Criminal Appeals Appeals As directed in Art. 11.07 Sec 3(c) of T.C.C.P. As requested in relaters letters and 11.07 Habeas Corpus.

"Respectfully Submitted" by

Donald Wayne Goodnight #531865

P6

← Certificate of Service →

I hereby certify that An orgional and A copy was sent by the United States Mail System to Clerk, Abel Acosta, Court of Criminal Appeals P.O Box, 12308 Capitol Station, Austin Texas, 78711 And clerk, Barbara Gladden Adamick Criminal Division (2985 P.O.Box) Conroe Texas -77305-301 N. Main street District Court BLDE

← Writ of Mandamus →

This ← 2nd → day of ← March → 2015

By Prose

Donald Wayne Goodnight #531865

Cause No: 89-03-00286-CR

Donald Wayne Goodnight          In the 221st
#531865 Relater               Judicial District
       V.                   Court of Montgomery
Clerk, Barbara Gladden        County, Texas
    Adamick

## "Order"

On this day, came onto be heard the foregoing relater's Application for, "Writ of Mandamus";

And it appears to the court that the same should be ——————————> "Granted".

It is therefore "Ordered" that the district Clerk "Shall" Immediately transmit to the Court of Criminal Appeals a copy of the Application for Writ of habeas corpus, Memorandum of Law, All Exhibits letters and title (28 USC $\S$ 2250 Production of documents Motion, Any Answers And A Certificate of the date upon which that Transmittal was made.

Signed this _____ day of _____ 20___ by Presiding Judge.

X _____.